Dr. Lee R. Kerschner Executive Director Colorado Commission on Higher Education 1550 Lincoln Street, Room 210 Denver, Colorado 80203
Dear Dr. Kerschner:
It has been brought to my attention that some confusion on the question of eligibility for tuition waiver under the Colorado Veteran Tuition Assistance Program has been caused by two letters written to Dr. Eugene H. Wilson by one of my assistants on April 14 and May 2, 1977. Those letters do not reflect my opinion and are hereby withdrawn. I agree with the conclusion reached by former Attorney General Moore in his opinion dated September 10, 1974, (copy attached) that the "home of record" designated on an inductee's DD Form 214 does not create a conclusive presumption and additional documentation of Colorado domicile should be considered when offered by a veteran.
QUESTION PRESENTED AND CONCLUSION
Does the "home of record" designated on an inductee's DD Form 214 create a conclusive presumption of residency for purposes of eligibility for veterans' tuition assistance?
My conclusion is "no."
ANALYSIS
C.R.S. 1973, 23-1-113(2) provides that, to qualify for a tuition waiver, a veteran must be a resident of Colorado, as defined in article 7 of title 23, and be:
 a resident of this state as established by the documented home of record at the time of entry into the service . . . .
Article 7 of title 23 is the Classification of Students for Tuition Purposes Act, C.R.S. 1973, 23-7-101 et seq. ("the Act"). From an examination of provisions of the Act it is apparent that the legislature intended permanent
residence, i.e. domicile, to be the basis for determining tuition classification. See C.R.S. 1973,23-7-103(1)(d), as well as section 103(2)(e)(IV); 103(2)(f)(III) and 103(2)(h)(III). In section 102 of the Act, domicile or permanent home is defined as the place where a person intends to remain and to which he expects to return when he leaves without intending to establish a new domicile elsewhere.
Insofar as an individual can establish that he intends to return to Colorado, his departure from the state does not terminate Colorado domicile. This is particularly true with respect to military personnel since the statute acknowledges continued Colorado domicile while a person is on active duty status. C.R.S. 1973, 23-7-103(1)(c).
In contrast, the "home of record" as indicated on the DD Form 214 does not specify that the address given be thepermanent residence. Therefore, to hold that residence is conclusively determined by "home of record" on the DD Form 214 would require a determination which may be contrary to actual fact and foreclose one from a benefit to which he is entitled.
SUMMARY
If an individual can convincingly demonstrate that the "home of record" was not intended to reflect permanent out of state residence, a tuition-waiver under provisions of the Colorado Veteran Tuition Assistance Program should be granted. Additional documentation regarding domicile should be considered in arriving at a determination of permanent residence.
I hope that this makes my position clear and resolves any problems which may have arisen.
Very truly yours,
 J.D. MacFARLANE Attorney General
ARMED FORCES EDUCATION EDUCATION, HIGHER
C.R.S. 1973, 23-1-113(2) C.R.S. 1973, 23-7-103
HIGHER EDUCATION, DEPT. OF Auraria Campus
The "home of record" indicated on DD Form 214 cannot be deemed to conclusively establish the permanent residence at time of entry into the service for purposes of receiving veterans' tuition assistance. Individuals may submit additional documentation regarding domicile.